UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILMER ENRIQUE QUIVA PALACIO,

                Petitioner,

    v.

LAURA HERMOSILLO, *et al.*,

                Respondents.

Case No. C25-1983-RSM-MLP

REPORT AND RECOMMENDATION

Petitioner Wilmer Enrique Quiva Palacio is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Through counsel, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (Dkt. # 1.) Petitioner asserted that the government violated the Due Process Clause of the Fifth Amendment by revoking his release without providing notice or a pre-deprivation hearing before a neutral adjudicator. (*Id.*) He was subsequently released with an ankle monitor. (*See* dkt. # 10 at 1.) Respondents filed a return supported by declarations, arguing that release with an ankle monitor does not violate Petitioner's due process rights. (Dkt. ## 10-12.) Petitioner filed a traverse supported by declarations. (Dkt. # 13.) Respondents did not file a reply. Having considered the parties' submissions and the governing law, this Court recommends granting

REPORT AND RECOMMENDATION - 1

Petitioner's habeas petition (dkt. # 1), ordering the new conditions of release rescinded and the prior conditions of release restored, and prohibiting Respondents from redetaining Petitioner or imposing additional conditions of release without adequate notice of the reasons and a meaningful opportunity to respond to those reasons.

## I.    BACKGROUND

On October 26, 2021, Petitioner, a citizen and national of Venezuela, entered the United States through the Mexican border and was apprehended by Border Patrol immediately. (Dkt. # 1, ¶ 22.) On October 28, 2021, he was issued a Notice to Appear and released on his own recognizance. (*Id.*, ¶ 23.) Petitioner's Notice of Custody Determination, signed by a patrol agent, notified him of his right to appeal to an immigration judge. (Maltese Decl. (dkt. # 4), ¶ 5, Ex. C.) His concurrent Order of Release on Recognizance, signed by a Department of Homeland Security official, imposed requirements such as obtaining permission before changing residence and assisting in obtaining travel documents. (*Id.*, ¶ 6, Ex. D.) The Order of Release did not indicate any right to appeal.

Petitioner relocated to Washington. (Dkt. # 1, ¶ 24.) He filed an asylum application, which is still pending, and received employment authorization. (*Id.*, ¶¶ 25-26.) He asserts that he has complied with all ICE check-in requirements. (*Id.*, ¶ 27.)

On August 8, 2025, while working as a delivery driver, Petitioner was arrested by Customs and Border Protection agents. (Dkt. # 1, ¶ 29.) On October 14, 2025, Petitioner filed this habeas petition along with a motion for temporary restraining order seeking immediate release. (Dkt. ## 1-4.) On October 15, 2025, ICE released Petitioner on his own recognizance with an ankle monitor and Petitioner subsequently withdrew the motion for temporary restraining order. (Strong Decl. (dkt. # 11), ¶ 2, Ex. 1; Zamora Decl. (dkt. # 12), ¶ 3; dkt. # 8.)

REPORT AND RECOMMENDATION - 2

Petitioner's 2025 Order of Release on Recognizance, signed by an ICE official, imposes an additional requirement that Petitioner enroll and participate in the "Alternatives to Detention" program of electronic monitoring. (Strong Decl., ¶ 2, Ex. 1 (dkt. # 11-1) at 2.) Failure to comply will result in "a redetermination of your release conditions or your arrest and detention." (*Id.*) The Order of Release does not indicate any right to appeal.

## II.   DISCUSSION

Federal courts may grant habeas relief under 28 U.S.C. § 2241(c)(3) if custody violates the Constitution or federal law. In his habeas petition, Petitioner asserted that his redetention without notice and a pre-deprivation hearing violated the Fifth Amendment's Due Process clause (dkt. # 1, ¶¶ 47-50), which protects all persons within the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Respondents argue that, having released him, the government was permitted to add the ankle monitor as a new condition of release. (Dkt. # 10 at 3-4.) Petitioner contends the ankle monitor is a significant imposition on liberty that renders him "in custody" for habeas purposes and that, absent a pre-deprivation hearing, he is entitled to release on the prior conditions. (Dkt. # 13 at 1, 4.)

### A.   The Petition is Not Moot

Respondents do not directly argue that the habeas petition is moot, and the Supreme Court has held that release does not moot a habeas petition because the "in custody" requirement must be satisfied only at the time of filing. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Spencer*, 523 U.S. at 7). Respondents argue that Petitioner did not amend his petition to

REPORT AND RECOMMENDATION - 3

identify collateral consequences. (Dkt. # 10 at 2.) In his traverse and accompanying declaration, Petitioner identifies the restraints that continue to be imposed on him. Respondents had the opportunity to address the issues Petitioner raises, but chose not to file a reply.

Petitioner asserts that, with the ankle monitor, he is prevented from leaving the state and cannot visit family in Utah. (Quiva Decl. (dkt. # 13-1), ¶ 9.) People in public notice the monitor and ask him why he has it. (*Id.*, ¶ 4.) He is waiting until the ankle monitor is removed to look for permanent work because he believes employers will see it and associate him with crime or discriminate against him. (*Id.*, ¶¶ 5-6.) In addition, the ankle monitor is uncomfortable, irritating his skin and making it difficult to sleep. (*Id.*, ¶¶ 2-3.) This Court concludes Petitioner has identified sufficient remaining consequences imposed on him that his habeas petition continues to present a live controversy. *See, e.g.*, *N- N- v. McShane*, 2025 WL 3143594, at *2 (E.D. Pa. Nov. 10, 2025) (ICE's imposition of new condition of electronic monitoring violated due process).

### B.    Due Process Challenge

The Court next addresses what process is due when ICE imposes a new restraint on liberty. Procedural due process requires that individuals be afforded meaningful notice and an opportunity to be heard before deprivation of a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention contexts. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025) (collecting cases). The test weighs (1) the private interest affected; (2) the risk of erroneous deprivation under current procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Mathews*, 424 U.S. at 335.

REPORT AND RECOMMENDATION - 4

*1.      Private Interest*

Petitioner's release on his own recognizance in 2021 established a protected liberty interest in his continued freedom. *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025). Respondents argue that Petitioner's liberty interest is lessened because he has been released, albeit with an ankle monitor. (Dkt. # 10 at 4.) While the liberty interest here is less than the interest in freedom from detention, the ankle monitor and accompanying restrictions, such as the prohibition on traveling out of state, constitute a significant deprivation of liberty. This factor weighs in Petitioner's favor.

*2.      Risk of Erroneous Deprivation*

In 2021, ICE determined that Petitioner was not a flight risk or a danger to the community and could therefore be released on his own recognizance without an ankle monitor. There has been no assessment supporting a change to that determination.

Respondents assert that the government is entitled to add new conditions such as an ankle monitor, but they cite no case law or other support. (Dkt. # 10 at 3.) Other courts have granted habeas relief from electronic monitoring imposed arbitrarily. *See N- N-*, 2025 WL 3143594, at *4 (ICE not permitted to add electronic monitoring, after an immigration judge had set release conditions, without utilizing the administrative appeal process).

Moreover, the record suggests Petitioner has no way to administratively challenge or appeal the 2025 Order of Release on Recognizance that imposes the electronic monitoring condition. The Order of Release does not note any right to appeal and the record before the Court indicates that Petitioner has never had a hearing before an immigration judge.

Under these circumstances, ankle monitoring appears to have been imposed arbitrarily without regard to assessing Petitioner's flight risk or danger to the community. Without such an

REPORT AND RECOMMENDATION - 5

assessment, the risk of erroneous deprivation of Petitioner's liberty interest is high. This factor favors Petitioner.

### 3. Government's Countervailing Interest

Respondents assert the government has a strong interest in preventing noncitizens from remaining in the United States in violation of law, especially when determining if they should be released on bond during the pendency of removal proceedings. (Dkt. # 10 at 5 (citing *Rodriguez Diaz*, 53 F.4th at 1208).) Here, however, the government made that determination in 2021 and found Petitioner should be released without an ankle monitor. Respondents have not shown a new flight risk, danger to the community, or any other reason for electronic monitoring, nor have they shown any burden in providing a hearing. This Court finds that the government's interest in imposing an ankle monitor without a pre-deprivation hearing or any other procedure is low. *See Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025). This factor weighs in Petitioner's favor. *Francois v. Wamsely*, 2025 WL 3063251, at *5 (W.D. Wash. Nov. 3, 2025) (third *Mathews* factor weighs in petitioner's favor where respondents failed to show flight risk, danger, or any burden due to hearing).

In sum, all three *Mathews* factors weigh in Petitioner's favor. This Court concludes that imposition of the ankle monitor and related conditions violated due process.

## III.   CONCLUSION

For the foregoing reasons, this Court recommends granting Petitioner's habeas petition (dkt. # 1), ordering the new conditions of release rescinded and the 2021 Order of Release on Recognizance restored, and prohibiting Respondents from redetaining Petitioner or imposing additional conditions of release without adequate notice of the reasons and a meaningful

opportunity to respond to those reasons. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 12, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Ricardo S. Martinez.

Dated this 22nd day of December, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7